Kaye, J.
(dissenting). I would affirm the Appellate Division orders for the reasons stated by Justice Lawrence J. Bracken (102 AD2d 240) and Justice E. Leo Milonas (102 AD2d 607).
The 21st Amendment does not vest States with unlimited power to regulate alcoholic beverages in disregard of Federal law. Rather, when such regulation is challenged we must make a “pragmatic effort to harmonize state and federal powers” (California Liq. Dealers v Midcal Aluminum, 445 US 97, 109), and to determine “whether the interests implicated by a state regulation are so closely related to the powers reserved by the Twenty-first Amendment that the regulation may prevail, notwithstanding that its requirements directly conflict with express federal policies” (Capital Cities Cable v Crisp, 467 US_, 104 S Ct 2694, 2708). The question, then, is whether New York can continue a system of resale price maintenance for alcoholic beverages, when price-fixing is condemned as a per se violation of the Sherman Act (see, e.g., Monsanto Co. v Spray-Rite Serv. Corp., 465 US 752, 104 S Ct 1464, 1469-1470).
Implicit in any analysis of State regulation under the 21st Amendment is an assumption that the State policy supporting its regulation is not illusory. Neither of the two policies declared to support the scheme of resale price maintenance — the promotion of temperance and the maintenance of an orderly market for alcoholic beverages — has substantial basis. The Moreland Commission concluded that “[n]either temperance nor respect for law is promoted by the artificially maintained high prices that sacrifice the interest of the consumer to the benefit of the liquor industry” (Moreland Commission Report and Recommendations No. 3, at 1). Even if the pricing scheme could be upheld as furthering a State policy to protect small retailers against *530 unfair competition, it goes well beyond, and by fixing minimum resale prices effectively and unnecessarily forecloses all competition. Predatory pricing drives, followed by oligopolistic market conduct, are not an inevitable consequence of free competition in alcoholic beverages or any other industry, as evidenced by the many retail businesses in which large chains and small proprietorships exist side by side. With the full panoply of antitrust and other laws at their disposal, New Yorkers are hardly powerless to deal with unfair competition.
I note in addition that repeated dissatisfaction has been expressed with the compulsory resale price maintenance scheme today upheld by this court. The Moreland Commission itself recommended in 1964 the repeal of provisions requiring minimum consumer resale prices (Moreland Commission Report and Recommendations No. 3, at 30). More recently, a Senate Committee recommended “the repeal of all controls on the price of alcoholic beverages (other than the requirement that manufacturers charge New Yorkers no more than their lowest price in all other states)” because such “controls unreasonably interfere with the proper and economic functioning of the alcoholic beverage industry.” (Recommendation of the Senate Standing Committee on Investigations and Taxation for Revisions of Alcoholic Beverage Control Law, at 7 [June 25, 1981].)
Chief Judge Wachtler and Judges Meyer and Lynch* concur with Judge Simons; Judge Jasen concurs in a separate opinion; Judge Kaye dissents and votes to affirm in another opinion; Judge Alexander taking no part.
Matter of JA.J. Liq. Store v New York State Liq. Auth.: Judgment modified, etc.
Matter of 324 Liq. Corp. v McLaughlin: Order reversed, etc.

 Designated pursuant to NY Constitution, article VI, § 2.